IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| | ) |
| AIDAH H. MUSTAPHA, | ) CASE NO. 10-32153-H3-13 |
| | ) |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held a final hearing on the "Motion of Wells Fargo Bank, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc., as Servicer for HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates, Series 2006-3, its Assigns And/or Successors in Interest to Annul Ab Initio the Automatic Stay of 11 U.S.C. §362(a) and §1301(a) to Proceed with Eviction" (Docket Nos. 25, 26).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Aidah H. Mustapha ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 15, 2010.

Prior to the instant case, Debtor was the debtor in Case No. 07-37652-H3-7. In that case, Debtor received a discharge, entered on April 20, 2009.

On September 28, 2006, Debtor and her husband executed a note and deed of trust with respect to property located at 23922 Verngate Drive, Spring, Texas 77373. (Wells Fargo Exhibit 1).

On April 9, 2009, Wells Fargo Bank, N.A., ("Wells Fargo") the mortgage servicer, gave to Debtor[1] notice of default and intent to accelerate the note.[2] (Wells Fargo Exhibit 2). On February 8, 2010, Wells Fargo gave to Debtor notice of acceleration and posted the property for foreclosure on March 2, 2010. (Wells Fargo Exhibit 3). A substitute trustee conducted the foreclosure sale on March 2, 2010, and HSBC Bank USA, National Association, as Trustee for Wells Fargo Asset Securities Corporation Home Equity Asset-Backed Certificates, Series 2006-3 purchased the property. Wells Fargo remains the servicer. The substitute trustee's deed was recorded in the real property records of Harris County, Texas on March 8, 2010. (Wells Fargo Exhibit 4).

---

[1] The notices described in the instant opinion also were timely sent to Debtor's attorney in the previous Chapter 7 case, and to Debtor's husband.

[2] Prior to giving notice of default, Wells Fargo sought and obtained relief from stay in the previous case. See Docket Nos. 22, 27, Case No. 07-37652-H3-7).

In the instant motion, Wells Fargo seeks annulling of stay *ab* *initio*, in order to permit Wells Fargo to seek the eviction of Debtor from the property.  Wells Fargo asserts that, on March 11, 2010, Wells Fargo gave to Debtor notice to vacate the property.  Wells Fargo presented no evidence, at the hearing on the instant motion, that such notice was given.

Debtor presented two arguments in opposition to the instant motion.  Debtor argues that her purchase of the property was not consummated, because documents presented to her and her husband, Gibrill Mustapha, at the closing were not the documents she had reviewed before the closing.[3]  Debtor also argues that the foreclosure was not valid, for the reason that she was in discussions with Wells Fargo's loss mitigation department until shortly before the foreclosure sale.

Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

---

[3] The court notes, however, that Debtor acknowledged having signed the deed of trust admitted into evidence.

3

>> (2) with respect to a stay of an act against property under subsection (a) of this section, if
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1).

The party requesting relief has the burden of proof on the issue of the debtor's equity in the property. The party opposing relief has the burden of proof on all other issues. 11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code. Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In the instant case, Debtor's argument goes not to the question of whether the stay should be lifted or remain in effect, but rather to the merits of the eviction proceeding Wells Fargo intends to pursue. The state courts are fully empowered and competent to address Wells Fargo's foreclosure and eviction proceedings, and the arguments Debtor has raised in response. The issues to be addressed are issues of state law. The court has determined that there is cause to lift the stay, to permit

4

Wells Fargo, Debtor, and Gibrill Mustapha to present their respective evidence and arguments with respect to the merits of the underlying dispute to a court of competent jurisdiction.[4] The court has determined that there is insufficient evidence to determine cause to annul the stay *ab initio*, as to such possessory interest as Debtor may have had on the date of her bankruptcy filing, or to grant *in rem* relief, as requested by Wells Fargo.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 18, 2010.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4] The court notes that Debtor filed a fifty-page complaint initiating an adversary proceeding (Adv. No. 10-3265) against Wells Fargo and others on the date of the scheduled hearing on the instant motion. However, the filing of Adv. No. 10-3265 does not preclude Wells Fargo from seeking a determination of the issues raised therein in the state courts.